## MATTER OF PRABHAKAR

### In Section 212(e) Proceedings

### A-13874498

*Decided by District Director June 3, 1968*

An exchange visitor has not established that compliance with the foreign residence requirement would result in exceptional hardship to his United States citizen child within the meaning of section 212(e), Immigration and Nationality Act, as amended, since applicant and his wife, both medical doctors, could be expected, while living in Thailand or the Fiji Islands, to give an only child, in good health, when between 2 and 4 years old, adequate care for the physical and mental development of the child; further, the income of the parents, although reduced, should nevertheless be adequate to provide for the well-being of the child.

The applicant is a 29-year-old native and citizen of Thailand. He was admitted to the United States on June 15, 1963, as a nonimmigrant under section 101(a)(15)(J) of the Immigration and Nationality Act, as amended. He is a doctor of medicine and entered to participate in Exchange Visitor Program No. P-II-600 at St. Vincent's Hospital, Staten Island, New York. His transfer to Program No. P-II-818 at the Jefferson Medical College Hospital, Philadelphia, Pennsylvania, was authorized on June 25, 1964. Extensions of stay were granted to permit his participation in that program until April 17, 1968.

The applicant was married on November 19, 1965, to a nonimmigrant alien who was also an exchange visitor and also a doctor of medicine. Of the marriage a child was born in the United States on July 22, 1966. Satisfactory evidence of the marriage and the birth of the child in the United States has been submitted.

The application for a waiver of the two year foreign residence requirement of section 212(e) of the Immigration and Nationality Act, as amended, was filed on March 20, 1968. It is based on a claim that the child, who is a citizen by birth in the United States, would suffer exceptional hardship if the applicant resided outside the United States for two years following his departure

from this country. The applicant states that the child is in good health.

Compliance with the foreign residence requirement would require the United States citizen child to live for at least two years in a distant land, probably in the Far East. The child is of a tender age and requires the care of the father and mother. The father, although born in Thailand, lived for many years in India. The mother is a native of the Fiji Islands and is a British subject.

The applicant in requesting the waiver refers to economic hardships which he and his wife would suffer upon return to either Thailand or the Fiji Islands due to lack of funds to establish themselves in the practice of medicine and the lack of job opportunities. These hardships may be considered only insofar as they also result in hardship to the United States citizen child.

It is our opinion that the care which parents who are both doctors of medicine could be expected to give to an only child while living in Thailand or the Fiji Islands when the child is between two and four years old, would be adequate for the physical and mental development of the child. It is also our opinion that even though the income of the parents would be reduced during the two years of foreign residence, it would nevertheless be adequate to provide for the well-being of the child. Upon full consideration of this case, it is concluded that compliance with the two year foreign residence requirement of section 212(e) of the Immigration and Nationality Act, as amended, would not impose exceptional hardship on the United States citizen child.

ORDER: It is ordered that no request be made to the Secretary of State for a recommendation in this case and the application is hereby denied.